IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Leon Tumlin, ) | C/A No. 0:13-2307-MGL-PJG |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Travis Bragg, Warden FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Michael Leon Tumlin ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI") Bennettsville, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.    Factual and Procedural Background**

In March of 2000, Petitioner was convicted of felon in possession of a firearm in the United States District Court for the District of Tennessee, and sentenced 188 months' imprisonment. (ECF No. 1 at 2.) On April 25, 2000, Petitioner entered a guilty plea to the offense of aggravated robbery in Tennessee state court. (Id.; see also ECF No. 1-1 at 2–15.) Petitioner was sentenced by the state court to ten years of imprisonment, to run concurrently to Petitioner's federal sentence. (ECF No. 1 at 3.) The state court judge ordered Petitioner returned to federal custody, but he was "erroneously placed in the custody of the State of Tennessee where he served over six (6) years in the Department of Corrections." (Id.) Petitioner alleges a release into federal custody in June of 2006. (Id. at 4.) At that time, the Bureau of Prisons ("BOP") informed Petitioner that he would not be allowed credit

toward his federal sentence for the six years spent in state custody. (Id.) Petitioner presented "proof" to the BOP that his state and federal sentences should run concurrently, but the BOP refused to credit Petitioner with the time. (Id.) Petitioner asks the court to "grant the instant Writ of Habeas Corpus and order the time that Petitioner Tumlin has remained in federal custody from August 12, 1999 until the present date be credited towards his federal sentence." (Id. at 9.)

Petitioner's self-styled pleading failed to allege exhaustion of the BOP's administrative remedy process. Therefore, the court issued an order on September 4, 2013, directing Petitioner to submit his claims on the standard form used by federal prisoners to seek habeas corpus relief under § 2241. (ECF No. 6 at 1–2.) The order further directed Petitioner to answer questions on the standard petition regarding exhaustion of administrative remedies. (Id.) Petitioner did not respond to the order within the specified time period.

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

    **1.     Exhaustion of Administrative Remedies**

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence such as the administration of parole, sentence computation by prison officials, or prison disciplinary actions. United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). While



§ 2241 itself does not contain an exhaustion requirement, courts typically require a federal prisoner to exhaust his administrative remedies before bringing a claim under that statute. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973); McClung v. Shearin, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). In this case, Petitioner alleges that the "presented the Federal Bureau of Prisons' staff and Administration with proof that his State of Tennessee sentence had been ordered to run concurrently with the sentence that he had previously received in the federal court." (ECF No. 1 at 4.) However, even after the court allowed Petitioner an opportunity to do so, he failed to allege exhaustion of the BOP's administrative remedy program. See 28 C.F.R. §§ 542.10 et seq. (detailing BOP's administrative grievance process); cf. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 683 (4th Cir. 2005) (indicating that if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate). Therefore, the petition is subject to summary dismissal.

### 2.     Failure to comply with an order of the court

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." See Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962). As well as inherent authority, this Court may dismiss a case for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure, which allows for dismissal based on failure of a petitioner "to prosecute or to comply with these rules or a court order." Id. at 630. In this case, Petitioner failed to respond to an order

of the court. (ECF No. 6.) Therefore, this case is also subject to summary dismissal pursuant to Federal Rule of Civil Procedure 41(b).

**III.    Conclusion**

Accordingly, the courts recommends that the petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 20, 2013
Columbia, South Carolina

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).